# 04-40193

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.:

| | |
|---|---|
| JOAN L. SMITH, <br>     PLAINTIFF <br><br> V. <br><br> UNUM LIFE INSURANCE COMPANY <br> OF AMERICA, <br>     DEFENDANT | CIVIL COMPLAINT AND <br> DEMAND FOR JURY TRIAL <br> RECEIPT # 40941 <br> AMOUNT $ 150.00 <br> SUMMONS ISSUED ✓ <br> LOCAL RULE 4.1 ✓ <br> WAIVER FORM ✓ <br> MCF ISSUED ✓ <br> BY DPTY. CLK. <br> DATE 9-27-04 |

## I. THE PARTIES

1. The Plaintiff, Joan L. Smith (hereinafter referred to as "Smith") is an individual with a residence of 16 Bashaw Road, Sutton, Worcester County, Massachusetts.

2. The Defendant, Unum Life Insurance Company of America, also known as Unum Provident (hereinafter referred to as "Unum") is an insurance carrier with the servicing of disability policies at P.O. Box 9500, Portland, Maine.

## II. JURISDICTION

3. Jurisdiction is conveyed upon the Federal District Court by virtue of the disability policy that is in dispute which was being provided by the former employer of the Plaintiff, Smith, Saint Vincent Health Care Systems, Inc. and under the ERISA, all actions concerning disputes for disability policies provided by an employer must be litigated in the United States District Court.

## III. THE DISPUTE

4. The Plaintiff, Smith, was provided by her employer a policy of disability insurance with the Defendant, Unum. The Policy number issued to Smith is 542338 and the claim number is 0098956611.

5. The dispute between the parties concerns the payment of long term disability benefits under said policy.

6. The Plaintiff, Smith, has received disability payment benefits since approximately July 10, 2001. On May 28, 2004, Smith was notified that her final administrative review had been completed by Defendant, Unum, and that no further payments would be made. A copy of same is attached here to as Exhibit "A".



7. The Defendant, Unum, wrote to the Plaintiff on July 30, 2003 stating that, "you are disabled when Unum determines that: you are limited in performing the material and substantial duties of your regular occupation due to your sickness and injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury. After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience. Material and substantial duties means duties that are normally required for the performance of your regular occupation; and that cannot be reasonably omitted or modified. Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed in the national economy instead of the work tasks are performed for a specific employer or at a specific location." Said correspondence is attached hereto as Exhibit "B". Unum concluded that based on the policy definition of disability, Smith was no longer eligible for benefits.

8. The Plaintiff, Smith, has had a spinal fusion operation and it is believed that she is totally disabled pursuant to the definition set forth in her policy of disability. The Plaintiff previously worked as a Registered Nurse and is unable to perform any work of that nature.

9. The Defendant, Unum, gave the opinion in their letter of July 30, 2003, that the Plaintiff could engage in the following occupations: 1) Insurance Case Manager; Field Nurse Case Manager; Ask-A-Nurse; Discharge Planner; and Telephone Triage Nurse. Unum further stated that, "it was determined that these occupations do exist on a full-time basis in your geographical. As you would no longer meet the contractual definition of disability as of July 20, 2003, we would deny any further liability on your claim as of July 20, 2003."

10. As of July 20, 2003, it appears that no further benefits were paid by Unum to Smith and she commenced administrative appeals pursuant to the terms of her policy.

11. On May 28, 2004, Unum notified Smith that no further appeals could be taken.

12. On August of 2004, the Plaintiff engaged Counsel to seek additional appellate review with Unum pursuant to the terms of the policy and requested that they accept additional medical records which stated that the Plaintiff was totally disabled from any meaningful employment.

13. The Plaintiff has been exempted for total disability under the Social Security Act which provides that if any individual is entitled to Social Security Disability benefits that they are unable to do any meaningful work in the economy.

14. Unum has notified Counsel for the Plaintiff that they will not undertake any further appellate review under the terms of the policy and will not accept any additional medical records which demonstrate that the Plaintiff is totally disabled under the terms of the policy. The Plaintiff brings this action to request that this Court; order Unum to pay disability payments from the date of termination in the amount designated under the terms of the policy; and/or to require Unum to conduct additional review of the Plaintiff's claim and to accept medical documentation demonstrating her present disability.

## COUNT I
## BREACH OF CONTRACT

15. The records of Unum demonstrate that the policy in question was purchased by Saint Vincent Health Care System, Inc. and that Smith was a beneficiary of that policy and entitled to disability coverage. Smith was employed by Saint Vincent Health Care Systems, Inc. as a Registered Nurse for approximately thirty-five and one of her benefits was their providing of a disability policy in case of long-term disability.

16. The policy purchased by Saint Vincent Health Care Systems, Inc. for the benefit of Smith is subject to the provisions of ERISA.

17. The Plaintiff, Smith, filed a claim and the Defendant, Unum, classified the claim as one for spinal stenosis of the lumbar region. Unum assigned a claims adjuster to the claim and commenced payment of the claim until the termination date on July 20, 2003.

18. The records of Unum provide that the last day of work of Smith was April 20, 2001, and the disability date was April 21, 2001. The Plaintiff has hired by Saint Vincent Health Care Systems, Inc. on or about October 27, 1969.

19. The benefits paid to Smith were based upon the terms of the policy and the amount of income paid by Saint Vincent Health Care System, Inc. There is no dispute as to the earnings made by Smith as determined by the Defendant. The policy provided covered all employees of Saint Vincent Hospital and subsidiaries and was purchased by Saint Vincent Hospital on or about January 1, 1998.

20. The records of Unum provide that the current age of the Plaintiff when she filed her claim was age 54 and states as analysis claims synopsis as follows: "a 54 year old registered nurse suffers from lumbar spinal stenosis, DOD 4/21/01. Patient had fusion with instrumentation on October 24, 2001 and bone growth stimulator, and started physical therapy that ended in January. The Claimant was found to be eligible for disability benefits based upon a review of her medical records including surgery.

21. An analyst at Unum, Herbert F. Brownlee, was assigned to review the claim and monitor payments.

22. Brownlee, on behalf of the Defendant, authorized payments from the date of the claim to July 20, 2003. Unum sent the medical records to be reviewed by physicians including Kevin P. Sullivan, M.D. of Southborough, Massachusetts. The Plaintiff was requested to provide all of her medical records. In addition, the Plaintiff was requested to sign authorizations which she did in order for Unum to receive direct access of her medical records from her providers and physicians. All those records were duly received by Herbert F. Brownlee and others at Unum. The Plaintiff was asked to provide supplemental statements based upon her condition which were done on a regular basis pursuant to the requests. Most of those records were filled out by Susan P. Moran, M.D. located at 65 Canal Street, Millbury, Massachusetts. Dr. Moran gave an opinion on July 18, 2002, "the surgery and spinal fusion did not improve the spinal stenosis." Dr. Moran issued the opinion that the Plaintiff was totally disabled from doing any work based upon her back pain post spinal fusion. All of those records were reviewed and are in the possession of Unum. The Plaintiff, Smith, received an opinion from James C. Bayley, M.D., an Orthopedic Surgeon with offices at Long View Orthopaedic Center, P.C. dated April 12, 2002, which is part of the Unum records. Said recors reflects that, "Plaintiff had persistent low back pain despite successful fusion, this 55 year-old lady' status post decompression and fusion by myself and Dr. Blumenkopf. She states that her pain is about the same as it was before the operation and is quite discouraged. Current complaint: Lower back pain with radiation of both hips." The Plaintiff has continued with a course of physical therapy and treatment is recommended by her physicians and the pain has continued to be totally disabling her and preventing her from her usual activities and employment.

23. The Plaintiff has worked as a Registered Nurse providing complete patient care and the Intensive Care Unit at Saint Vincent Hospital and has had a successful career up until the time of her disability. Dr. Tannenbaum on July 12, 2002 noted, "Mrs. Smith is taking significant amounts of medication including Oxycontin and continues with her pain. The Plaintiff has described her pain as sometimes knife-like with spasm and aching severe at times. Symptoms are worse with sitting, reaching, lifting and walking and nothing seems to improve."

24. At the present time, the Plaintiff remains in complete pain and has not improved notwithstanding all the treatments she has received.

25. Notwithstanding the facts set forth in the medical records, Unum has determined that she can conduct useful employment and is no longer entitled to benefits under the disability policy.

26. During the course of her payment of disability benefits, the Plaintiff's condition has remained the same or worsened and Smith is unable to perform any meaningful employment in the economy.

WHEREFORE, the Plaintiff, Joan L. Smith, requests Judgment as follows:

1) That this Court after hearing determine that the Plaintiff is entitled to benefits under her disability policy purchased for her by Saint Vincent Health Care Systems, Inc. and that the Defendant, Unum, be ordered to pay her for all disability payments from the date of termination to date and continuing pursuant to the policy issued;

2) That the Plaintiff be awarded her costs and reasonable attorney's fees;

3) Such other and further relief that is just and equitable; and

4) In the alternative, the Plaintiff requests that this Court order the Defendant, Unum, to receive current medical records and make a fair determination as to a payment of disability benefits for the Plaintiff, Smith.

Respectfully submitted,
Joan L. Smith
By her Attorney,

_____
Howard J. Potash, Esquire
306 Main Street, Suite 300
Worcester, MA 01608
(508) 754-2624
BBO # 404160

Dated: September 27, 2004




EXHIBIT

"A"

May 28, 2004

JOAN L SMITH
16 BASHAW RD
SUTTON, MA 01590-3867

RE: Smith, Joan L      DOB: October 14, 1946
    Claim Number:      534023
    Policy Number:      542338

Dear Ms. Smith:

We are writing to let you know that we have completed another appeal review of the denial of benefits on your Long Term Disability claim. We regret that we have determined that the original decision to deny your claim was appropriate.

Your claim was denied as of August 21, 2003 because the medical information did not support restrictions that would preclude you from performing each of the material duties of any gainful occupation for which you are reasonably fitted, based on training, education and experience. You appealed this decision on October 2, 2003. This decision was upheld on February 11, 2004. Enclosed is a copy of our February 11, 2004 decision letter for your reference. Relevant policy provisions are set forth in this letter.

You have since submitted additional medical records consisting of a March 1, 2004 discogram, a March 26, 2004 treatment note from Dr. Kevin Sullivan and handwritten notes dated March 16, 2004 and April 21, 2004 from Dr. Richard Ozuna.

Your file was referred to our on-site physician for review. The discogram results indicated that you had concordant pain at the second-third lumbar disc (L2-3) and discordant pain at L3-4 and L5-S1. L4-5 could not be tested as they were unable to inject the needle into the posterolateral fusion site and into the nucleus of the disc. Based on the results, you were not considered to be a candidate for surgery or for an IDET. Our review concluded that the information recently submitted does not provide additional information regarding your functional abilities. Our February 11, 2004 letter noted some inconsistencies in your medical record and our review concludes that the additional information does not provide an explanation of these inconsistencies.

Unum Life Insurance Company of America
Quality Performance Support
PO Box 9548
Portland, ME 04122-5058
Phone: 1-800-413-7670
Fax: 207-575-2354
www.unumprovident.com

1242-03

Claimant Name: Smith, Joan L  
Claim Number: 534023

May 28, 2004  
Page 2 of 2

Our previous medical review stated that it would be reasonable to avoid bending, stooping, twisting, squatting, kneeling and crawling. This review also stated that prolonged sitting, standing and walking should be avoided and you should be allowed to change positions and stretch periodically. While you do have some objective findings, the degree of restrictions and limitations produced by your underlying impairments would not be sufficient to cause disability from the above occupations. While you may not be entirely asymptomatic, the medical evidence does not support that you are precluded from performing these occupations.

Based on the above information, we have determined that you can perform another occupation, and therefore, the decision to deny your claim was appropriate.

This represents the final review of your file. You have exhausted all administrative remedies in regard to your appeal for disability benefits.

Ms. Smith, if you have any questions, please feel free to contact me at 1-800-413-7670.

Sincerely,

*Cynthia Baker FLMI, ACS, ALHC*

Cynthia Baker FLMI, ACS, ALHC  
Appeals Consultant  
Unum Life Insurance Company of America


Enclosures:    -Claimant: Appeal Unit

1242-03



**EXHIBIT**

"B"

Unum Life Insurance Company of America
Portland Customer Care Center
PO Box 9500
Portland, ME 04104-5058
Phone: 1-800-858-6843, 1-207-575-0602
Fax : 1-800-447-2498, 1-207-575-0004

July 30, 2003

JOAN SMITH
16 BASHAW ROAD
SUTTON MA 01590

RE: Joan Smith
    Claim Number: 0098956611      SSN: 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
    Policy Number: 542338

Dear Ms. Smith:

We are writing to you regarding the status of your disability claim.

A recent review of your claim indicates that your condition may no longer meet the policy's definition of disability.

"You are disabled when UNUM determines that:

* you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
* you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when UNUM determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

"Material and substantial duties means duties that:

* are normally required for the performance of your regular occupation; and
* cannot be reasonably omitted or modified."

"Regular occupation means the occupation you are routinely performing when your disability begins. UNUM will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

"Regular occupation means the occupation you are routinely performing when your disability begins. UNUM will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location."

In a narrative response dated October 24, 2002, Dr. Tanenbaum indicated your restrictions and limitations were 20 pounds lifting, no repetitive bending, no twisting, and no over head activity.

On an EFA dated November 6, 2002, Dr. Tanenbaum indicated the following: no lift greater than 20 pounds, crawl, or reach above shoulder; occasionally lift up to 20 pounds, bend, knee, climb stairs, and push/pull 20 pounds; and frequently lift up to 10 pounds. He also indicated you could perform eight hours of sedentary work activity and four hours of light work activity in an eight hour work day.

Your occupation as a Registered Nurse (RN) can range from sedentary physical requirements to medium requirements. In order to determine if you are capable of performing your occupation, we evaluate your medical condition and based on your training, education and experience will determine if you are capable of performing any duties within the RN occupation. You will not meet the definition of disability described above when you are capable of performing duties you are trained and educated to perform within the RN occupation.

Our medical department reviewed your file and determined that the above restrictions and limitations provided by Dr. Tanenbaum were reasonable and appropriate.

We also referred your file to a vocational consultant for evaluation. The consultant reviewed your restrictions and limitations, as well as your employment and educational history, and concluded that you would be able to engage in the following occupations:

1. Insurance Case Manager
2. Field Nurse Case Manager
3. Ask-A-Nurse
4. Discharge Planner
5. Telephone Triage Nurse

It was determined that these occupations do exist on a full-time basis in your geographical area.

As you would no longer meet the contractual definition of disability as of July 20, 2003, we would deny any further liability on your claim as of July 20, 2003.

If you feel you will remain eligible for continuing benefits, please send us any information to support your claim. We will contact you once we have completed this evaluation.

Should you have any questions, please feel free to contact me at 1=800-635-1188.

Sincerely,

*Herbert F Brownlee*

Herbert F Brownlee
Customer Care Specialist

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joan L. Smith

### DEFENDANTS
Union Red Life Insurance Co of America

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Howard J. Potash
306 Main St
Worcester, MA 01608

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury -- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury -- Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Disability Ins. - ERISA - Non-Payment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
none
JUDGE _____
DOCKET NUMBER _____

DATE 9/23/04
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS    **04-40193**

1. Title of case (name of first party on each side only) _Joan L. Smith v._
   _Unum Life Insurance Co. of America_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐    Central Division ☒    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Howard J. Potash_
ADDRESS _306 Main St. Worcester, MA 01608_
TELEPHONE NO. _508-754-2685_

Coversheetlocal.wpd - 10/17/02)