UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN L. SMITH, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Civil No. 04-cv-40193 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendant | ) ) |

## ANSWER

Defendant Unum Life Insurance Company of America ("Unum") answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

#### I. The Parties

1. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Unum denies that it is "also known as UnumProvident" and that it "services" disability policies at P.O. Box 9500, Portland, Maine. Defendant admits the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

#### II. Jurisdiction

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion, however, to the extent an answer is required, Defendant Unum admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

{W0288138.1}

### III. The Dispute

4. Defendant Unum denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant Unum admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant Unum states that it did send a letter to Plaintiff, dated May 28, 2004, the contents of which speak for themselves, and it denies any allegations to the contrary. Defendant Unum denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant Unum admits that Plaintiff did not meet the definition of disability and, therefore, is not eligible for benefits. Defendant Unum further states that it did send a letter to Plaintiff on or about July 30, 2003, the contents of which speaks for themselves, and it denies any allegations to the contrary. Defendant Unum denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant Unum admits that Plaintiff had surgery for her back and was employed as a nurse. Defendant Unum denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendant Unum states the contents of the July 30, 2003 letter speak for themselves and it denies any allegations to the contrary.

10. Defendant Unum admits that no further benefits were paid to Plaintiff following July 2003 and that Plaintiff commenced administrative appeals.

11. Defendant Unum admits that it sent a letter to Plaintiff dated May 28, 2004, the contents of which speak for themselves and it denies any allegations to the contrary.

12. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant Unum admits that Plaintiff has exhausted the administrative process, and denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

## COUNT I

### Breach of Contract

15. Defendant Unum admits Plaintiff was a participant in the long-term disability plan established by her former employer, St. Vincent Health Care System, Inc., and funded with a policy issued by the Defendant. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the length of the time that Plaintiff was employed and the occupation in which she was employed throughout this period of time. Defendant Unum denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant Unum admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant Unum admits that Plaintiff filed a claim for benefits based on an alleged back condition and that it paid benefits under the definition of disability in place subject to continuing proof of disability. Defendant Unum denies the remaining material allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant Unum states that the contents of the policy speak for themselves and it denies any allegations to the contrary. Defendant Unum admits that whether benefits will be paid and the amount paid is determined by the terms of the policy as interpreted by the administrator. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant Unum states that the contents of the records of Unum speak for themselves and denies any allegations to the contrary. Defendant Unum denies the remaining material allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant Unum admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. In response to Paragraph 22 of Plaintiff's Complaint, Unum states that a number of Plaintiff's medical records were received by Unum and considered in their entirety. The contents of those records speak for themselves, and Unum denies any allegations to the contrary. Defendant Unum denies the remaining material allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant Unum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant Unum denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant Unum admits that Plaintiff is not entitled to further benefits and denies the remaining material allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant Unum denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fail to state a claim for which relief can be granted.

## THIRD DEFENSE

To the extent the Complaint seeks remedies not provided for under ERISA, those remedies are preempted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendant Unum has complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

### SIXTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendant Unum's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

### SEVENTH DEFENSE

Each and every act or statement done or made by Defendant Unum and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

### EIGHTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

### NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendant denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

### TENTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

### ELEVENTH DEFENSE

Plaintiff is not entitled to a jury trial under ERISA.

## REQUESTED RELIEF

Defendant Unum Life Insurance Company of America respectfully requests: (i) that the Court dismiss the claims against Unum with prejudice and that judgment be entered in Unum's favor on such claims; (ii) that Unum be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED: November 3, 2004

                                                         /s/ Geraldine G. Sanchez
Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorneys for Defendant
Unum Life Insurance Company of America

## CERTIFICATE OF SERVICE

I hereby certified a copy of the within Answer to Complaint was served upon counsel for Plaintiff, via overnight mail, addressed as follows:

>Howard J. Potash, Esq.
>306 Main Street, Suite 300
>Worcester, MA  01608

DATED: November 3, 2004

_____
Geraldine G. Sanchez

{W0288138.1}