UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN L. SMITH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 04-40193-FDS |
| ) | |
| UNUM LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF'S UNOPPOSED MOTION TO STAY

Plaintiff Joan L. Smith ("Smith") hereby requests that the Court stay this action and states:

1. **Nature of the Action.** Smith seeks to recover disability benefits under a group insurance policy issued by Defendant Unum Life Insurance Company of America ("Unum") to Smith's employer pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. §1132(a)(1)(B).

2. **Procedural Background.** Smith filed the action on September 27, 2004. Unum answered on November 3, 2004. The Court held a scheduling conference on December 10, 2004 and ordered the Plaintiff to file a motion to conduct discovery on January 7, 2005. The parties moved to extend that deadline until February 7 2005. Plaintiff did not move for discovery because, as discussed below, in the interim period Plaintiff received notice that she was eligible to have her claim reassessed under a Regulatory Settlement Agreement (the "RSA") between Unum and the Superintendent of the State of Maine Bureau of Commerce and Insurance, the Commissioner of the Tennessee Department of Insurance, the Commissioner of the Massachusetts Division of Insurance, the insurance

regulators of the remaining states who agreed to the RSA and the United States Department of Labor.

3. **Grounds for Stay.** Smith desires to pursue the non-judicial remedy that was just recently made available to her under the RSA. Under the RSA, Unum agreed to provide a claim reassessment process for an identified class of claimants who seek review of earlier decisions of their claims. Implementation of the RSA was triggered by the approval of at least two-thirds of the states participating in the multi-state examination from which the RSA arose. Massachusetts has approved the RSA. Following the requisite approval, Unum initiated the review process by mailing to the specified claimants a notice that they may resubmit their claim for review by a claim reassessment unit established in accordance with the RSA. Smith received her notice under the RSA on or about _January 20_, 200_5_. Smith has elected to submit her claim for review under the RSA.

The RSA offers an entirely optional method for Smith to have her claim reassessed. If the reassessment results in a reversal or other change in the prior decision terminating Smith's claim for benefits, Smith cannot pursue legal action to the extent (and only to the extent) such action is based on any aspect of the prior denial or termination that is reversed or changed. Any applicable statute of limitations shall be tolled during the reassessment process. Because Smith has elected to submit her claim to reassessment, Unum has, in accordance with the terms of the RSA, required that she take

{W0119362 1}

2

whatever action is necessary to stay this lawsuit pending the reassessment process, subject to Court approval.

Staying the litigation makes practical sense since the reassessment might moot the claims in the lawsuit. Although reassessment under the RSA is not a required administrative remedy, it will return the benefit determination process to the claim administrator, a turn of events the Court will hopefully welcome.

It is estimated that the reassessment process may involve upwards of 200,000 claims. The claims with the oldest denial or termination dates are to be reassessed first. Unum is to use its best efforts to complete the reassessment process by December 31, 2006. At this very early stage of the process, however, it is not possible to tell when Smith's claim might by reassessed. Consequently, simply asking for an extension of the current scheduling deadlines is not practical.

Defendant does not oppose this motion.

4. **Relief Requested.** Smith respectfully requests that the Court stay the action pending completion of the reassessment of her claim under the RSA. Smith suggests that the Court might administratively close the case subject to its being reopened by motion of either party, if necessary, once the reassessment is completed.

Dated: February 28, 2005

Howard J. Potash, BBO #404160
306 Main Street, Suite 300
Worcester, MA 01608
FOR PLAINTIFF
JOAN L. SMITH

{W0319363.1}

3



January 20, 2005

JOAN L SMITH
16 BASHAW RD
SUTTON, MA 01590-3867



Re:  Claim No. 0098956611

Dear Joan L Smith:

As part of a multistate settlement with insurance regulators and the United States Department of Labor (the "DOL"), The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, First Unum Life Insurance Company and Unum Life Insurance Company of America ("the Companies") have agreed to implement a Claim Reassessment Process, under which your long term disability claim as captioned above has been determined to be eligible.

For that reason, if you believe that you may be eligible for benefits for which you have not been paid, you are entitled to request that the Companies review their previous decision to deny your disability income claim or terminate benefits being paid on such claim. The settlement with insurance regulators and the DOL sets forth the procedures under which the Companies will conduct the Claim Reassessment Process. This Process will be monitored by the insurance regulators and, as to claimants who are or were covered under an employee benefit plan, by the DOL. A copy of the Regulatory Settlement Agreement is available on the website of UnumProvident Corporation.

If you wish to elect to participate in the Claim Reassessment Process, you must do one of the following within 60 days of the date of this letter:

- Fill out and return the enclosed sheet in the envelope provided; OR

- Visit www.unumprovident.com/elect with your claim number ready (provided at the top of this page); OR

- Place a toll-free call to 1-877-477-0964 and provide your name, current address and claim number. This phone number is provided for your convenience in making your election to participate, but no other information is available currently through this special temporary line.

PO Box 9728
Portland, ME 04104-5028
Phone: 1-877-477-0964

Your decision to participate in the Claim Reassessment Process will be acknowledged by the Companies.

The Companies will review claims of those electing to participate based on the original dates of when the claim was denied or closed with the oldest closure dates being reviewed first. The Companies will send you a second notice at a time that is closer to the period when your claim will be reviewed indicating the approximate time period of that review and requesting that you complete and return a Reassessment Information Form to provide information needed for the review of your claim.

Once you have completed and returned your Reassessment Information Form, the Companies will acknowledge its receipt and indicate any specific information that is still needed in order for the Companies to reassess your claim. Once our prior claim decision has been reassessed and any additional investigation is completed, the Companies will advise you in writing whether your claim will be re-opened and further benefits paid.

You are under no obligation to participate in the Claim Reassessment Process. Should you decide not to participate you will not lose any rights that you otherwise have. However, should you choose to participate, you will need to agree that if (and only if) the reassessment results in a reversal or other change in our prior decision denying or terminating benefits, you will not pursue legal action against the Companies to the extent (and only to the extent) such action would be based on any aspect of the prior denial or termination that is reversed or changed.

If you have already commenced legal action relating to your prior claim(s) decision, please provide a copy of this letter to your attorney as soon as possible so that he or she might advise you concerning the alternatives. If, after consulting with your attorney, you decide to participate in the reassessment, you will need to agree to take such action as is necessary to seek to stay such litigation pending the outcome of the reassessment process. If the court does not agree to a stay and a final verdict or judgement is entered prior to completion of the reassessment, the Company will have no further obligation to reassess your claim. If the court stays the litigation relating to your claim, you will need to agree that if (and only if) the reassessment results in a reversal or other change in the prior decision denying or terminating benefits, you will withdraw and dismiss with prejudice your litigated claims, including extracontractual claims, to the extent (and only to the extent) such claims are based on any aspect of the prior denial or termination that is reversed or changed. In other words, to the extent that following the reassessment there remains a complete or partial denial of benefits, a claimant's right to initiate or continue litigation regarding that portion of the prior denial that has not been reversed or changed shall not be waived. As to any portion of a prior denial that is reversed or changed and you have agreed to withdraw the action as described above, the Company will attempt

to reach agreement with you regarding the payment of any reasonable attorney's fee to which you may be entitled under law, and if we are unable to reach such an agreement, you will not be prejudiced from pursuing such fees in a court of law. After you have discussed this with your attorney, we encourage your attorney to contact the attorney representing the Company to discuss these matters so that you might make an informed decision regarding participation in the reassessment process and your other alternatives.

These agreements relating to commencing legal action and any pending litigation, which will be included with the Reassessment Information Form for you to sign, will not apply to the extent that our prior decision denying or terminating benefits is not reversed as a result of the Claim Reassessment Process and any applicable statute of limitations will be tolled during the pendency of the reassessment process.

Sincerely,

UnumProvident Claim Reassessment Unit
Unum Life Insurance Company of America



# Request to Participate Form

Name: Joan L Smith

Claim Number: 0098956611

Insuring Company: Unum Life Insurance Company of America

**By returning this letter, I am requesting to participate in the Claim Reassessment Process.**

Signature: *Joan L Smith*

Last four (4) digits of Social Security: 3124

Date: 3-1-05

In order to have your claim included in this reassessment, this form must be mailed to the address provided by March 21, 2005.

PO Box 9728
Portland, ME 04104-5028
Phone: 1-877-477-0964

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for Defendant, via overnight delivery, addressed as follows:

> Geraldine G. Sanchez, Esq.
> Pierce Atwood LLP
> One Monument Square
> Portland, Maine 04101

DATED: February 28, 2005

Howard J. Potash, Esquire

{W0319362.1}

4